Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Jonathan P. Ibsen
*Bankruptcy Counsel for the*
*Post-Confirmation Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :     Case No. 09-14398 (AJG)
CABRINI MEDICAL CENTER,                             :
                                                    :
                              Debtor.               :
---------------------------------------------------------------x
CABRINI MEDICAL CENTER,                             :
                              Plaintiff,            :     Adv. Pro. No. 11-02261 (AJG)
          - against -                               :
                                                    :
GUIDO PADULA, DILVA SALVIONI                        :
ANGELO TARANTA AND                                  :
MANNUCCIO MANNUCCI                                  :
                              Defendants.           :
---------------------------------------------------------------x
MANNUCCIO MANNUCCI,                                 :
GUIDO PADULA, DILVA SALVIONI                        :
AND ANGELO TARANTA                                  :
                              Plaintiffs,           :     Adv. Pro. No. 11-02407 (AJG)
          - against -                               :
                                                    :
CABRINI MEDICAL CENTER                              :
                                                    :
                              Defendant.            :
---------------------------------------------------------------x

## CABRINI MEDICAL CENTER'S ANSWER TO
## THE MANNUCCI PARTIES' COMPLAINT

Cabrini Medical Center, the post-confirmation debtor herein ("Cabrini" or the

"Debtor"), by its attorneys, Togut, Segal & Segal LLP, for its answer to the Complaint of

Guido Padula ("Padula"), Dilva Salvioni ("Salvioni"), Angelo Taranta ("Taranta"), and

Mannuccio Mannucci ("Mannucci")(collectively, the "Mannucci Parties")(the "Complaint"), hereby states that:

## PRELIMINARY STATEMENT

By way of a general response, all allegations are denied unless specifically admitted. Any admissions contained herein are limited only to specific facts alleged, not conclusions, characterizations or implications which are asserted in any part of the Complaint.

## NATURE OF THE ACTION

1. Cabrini denies that it "looted" Plaintiffs' ERISA Benefits. Plaintiff further denies that the benefit funds were not owned by the Debtor. Cabrini further denies that the benefit funds were not part of the Debtor's Estate and denies that they should be returned under Section 541(b)(7) of the Bankruptcy Code. The rest of Paragraph 1 asserts legal conclusions to which no response is required, and to the extent any answer is required, they are denied.

2. Cabrini admits that Plaintiffs are three physicians in their 80s and the widow of a physician, but denies the remaining allegations of this paragraph.

3. Cabrini denies the allegations of Paragraph 3 of the Complaint.
4. Cabrini denies the allegations of Paragraph 4 of the Complaint.
5. Cabrini denies the allegations of Paragraph 5 of the Complaint.
6. Cabrini denies the allegations of Paragraph 6 of the Complaint.
7. Cabrini denies the allegations of Paragraph 7 of the Complaint.
8. Cabrini denies the allegations of Paragraph 8 of the Complaint.
9. Cabrini denies the allegations of Paragraph 9 of the Complaint.
10. Cabrini denies the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 asserts legal conclusions to which no response is required, and to the extent any answer is required, Cabrini denies the allegations of Paragraph 11 of the Complaint.

12. Cabrini denies the allegations of Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Cabrini admits the allegations of Paragraph 13 of the Complaint.

14. Cabrini admits the allegations of Paragraph 14 of the Complaint.

15. Cabrini admits the allegations of Paragraph 15 of the Complaint.

16. Cabrini admits the allegations of Paragraph 16 of the Complaint.

## THE PARTIES

17. Cabrini admits that Padula was employed by Cabrini. Cabrini further admits that Padula is a resident of the State of New York and Cabrini further admits that it entered into two deferred compensation agreements with Padula in 1967 and 1975. Cabrini denies the remaining allegations of Paragraph 17 of the Complaint.

18. Cabrini admits that Salvioni is the widow of Daniele Salvioni, and admits that Daniele Salvioni was employed by Cabrini. Cabrini further admits that Cabrini entered into two deferred compensation agreements with Daniele Salvioni in 1973 and 1978. Cabrini denies the remaining allegations of Paragraph 18 of the Complaint.

19. Cabrini admits that Taranta was employed by Cabrini. Cabrini further admits that Taranta is a resident of California. Cabrini further admits that Cabrini entered into a deferred compensation agreement with Taranta in 1975 and Cabrini denies the remaining allegations of Paragraph 19 of the Complaint.

20. Cabrini admits that Mannucci was employed by Cabrini. Cabrini further admits that Mannucci is a resident of the State of New York. Cabrini denies the remaining allegations of Paragraph 20.

21. Cabrini admits that it was, and remains, a not-for-profit corporation. Cabrini further admits that it conducted business at 227 East 19th Street, New York, New York 10003.

## THE DEFERRED COMPENSATION PLANS

**Dr. Padula's Deferred Compensation Plans**

22. Cabrini admits that it entered into a deferred compensation agreement with Padula on or about January 1, 1967 (the "Padula 1967 DCA"). Cabrini further admits that a copy of the Padula 1967 DCA is annexed to the Complaint as Exhibit "A." Cabrini denies the remaining allegations of Paragraph 22 of the Complaint.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent any response is required Cabrini denies the allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 24 of the Complaint.

25. Cabrini admits that it entered into a deferred compensation agreement with Padula in or about April 1975 (the "Padula 1975 DCA"). Cabrini further admits that a copy of the Padula 1975 DCA is annexed to the Complaint as Exhibit "B." Cabrini denies the remaining allegation of Paragraph 25 of the Complaint.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 26 of the Complaint.

27. Cabrini admits the allegations of Paragraph 27 of the Complaint.

28. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint and therefore denies same.

29. Cabrini admits that Padula ceased working for Cabrini in 1980. Cabrini denies the remaining allegations of Paragraph 29 of the Complaint.

**Dr Salvioni's Deferred Compensation Plans**

30. Cabrini admits that it entered into a deferred compensation agreement with Daniele Salvioni in or about December 1973 (the "Salvioni 197 DCA"). Cabrini further admits that a copy of the Salvioni 1973 DCA is annexed to the Complaint as Exhibit "C." Cabrini denies the remaining allegation of Paragraph 30 of the Complaint.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 31 of the Complaint.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 33 of the Complaint.

34. Cabrini admits that it entered into a deferred compensation agreement with Daniele Salvioni in or about August 1978 (the "Salvioni 1978 DCA"). Cabrini further admits that a copy of the Salvioni 1978 DCA is annexed to the Complaint as Exhibit "D." Cabrini denies the remaining allegation of Paragraph 34 of the Complaint.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 35 of the Complaint.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 36 of the Complaint.

37. Cabrini admits the allegations of Paragraph 37 of the Complaint.

38. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 38 of the Complaint and therefore denies same.

39. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint and therefore denies same.

40. Cabrini admits that Salvioni ceased working for Cabrini in 1980. Cabrini denies the remaining allegations of Paragraph 40 of the Complaint.

**Dr. Taranta's Deferred Compensation Plan**

41. Cabrini admits that it entered into a deferred compensation agreement with Taranta in or about December 1975 (the "Taranta 1975 DCA"). Cabrini further admits that a copy of the Taranta 1975 DCA is annexed to the Complaint as Exhibit "E." Cabrini denies the remaining allegation of Paragraph 41 of the Complaint.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 42 of the Complaint.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 43 of the Complaint.

44. Cabrini admits the allegations of Paragraph 44 of the Complaint.

45. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 45 of the Complaint and therefore denies same.

46. Cabrini admits that Taranta ceased working for Cabrini in 1995. Cabrini denies the remaining allegations of Paragraph 46 of the Complaint.

**Dr. Mannucci's Deferred Compensation Plan**

47. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 47 of the Complaint and therefore denies same.

48. Cabrini admits that Mannucci ceased working for Cabrini in 2000. Cabrini denies the remaining allegations of Paragraph 48 of the Complaint.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 49 of the Complaint.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 50 of the Complaint.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 51 of the Complaint.

52. Cabrini denies the allegations of Paragraph 52 of the Complaint.

53. Cabrini denies the allegations of Paragraph 53 of the Complaint.

54. Cabrini denies the allegations of Paragraph 54 of the Complaint.

**THE SEGRGATION AND FUNDING OF THE PLANS**

55. Cabrini denies the allegations of Paragraph 55 of the Complaint

56. Cabrini denies the allegations of Paragraph 56 of the Complaint.

57. Cabrini denies the allegations of Paragraph 57 of the Complaint.

58. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 58 of the Complaint and therefore denies same.

59. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 59 of the Complaint and therefore denies same.

60. Cabrini does not have information sufficient to form a belief as to the allegations of Paragraph 60 of the Complaint and therefore denies same.

**1980-1997 CABRINI'S FAILURE TO MAKE THE DEFERRED COMPENSATION PLAN DISTRIBUTIONS TO THE DOCTORS ACCORDING TO THE TERMS OF THE PLAN**

**Dr. Padula**

61. Cabrini admits that Padula ceased working for Cabrini in 1995. Cabrini denies the remaining allegations of Paragraph 61 of the Complaint.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 63 of the Complaint.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 64 of the Complaint.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 65 of the Complaint.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 66 of the Complaint.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 67 of the Complaint.

**Dr. Salvioni**

68. Cabrini admits that Salvioni ceased working for Cabrini in 1980. Cabrini denies the remaining allegations of Paragraph 68 of the Complaint.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 69 of the Complaint.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 70 of the Complaint.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 71 of the Complaint.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 72 of the Complaint.

**Dr. Taranta**

73. Cabrini admits that Taranta ceased working for Cabrini in 1995. Cabrini denies the remaining allegations of Paragraph 73 of the Complaint.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 75 of the Complaint.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 76 of the Complaint.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 77 of the Complaint.

**Dr. Mannucci**

78. Cabrini admits that Mannucci ceased working for Cabrini in 2000. The remaining allegations of Paragraph 78 contain legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the remaining allegations of Paragraph 78 of the Complaint.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 79 of the Complaint.

**THE 1997 "TAX PROBLEM" LETTER: CABRINI'S ADMISSIONS THAT IT HAD NOT MADE THE REQUIRED DISTRIBUTIONS AND THAT THE FUNDS BELONG TO THE DOCTORS**

80. Cabrini admits that it wrote a letter on April 8, 1997, but denies the remaining allegations of Paragraph 80 of the Complaint.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 81 of the Complaint.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 82 of the Complaint.

83. Cabrini denies the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 84 of the Complaint.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 85 of the Complaint.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 86 of the Complaint.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 87 of the Complaint.

88. Cabrini denies the allegations of Paragraph 88 of the Complaint.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 89 of the Complaint.

**CABRINI'S LOOTING OF PLAINTIFF'S FUNDS IN 2006-2007**

90. Cabrini admits to sending the letter annexed to the Complaint as Exhibit P, but denies the remaining allegations of Paragraph 90 of the Complaint.

91. Cabrini denies the allegations of Paragraph 91 of the Complaint.

92. Cabrini denies the allegations of Paragraph 92 of the Complaint.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 93 of the Complaint.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 94 of the Complaint.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 95 of the Complaint.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 96 of the Complaint.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 97 of the Complaint.

98. Cabrini admits sending the letter dated October 23, 2007. The remaining allegations of Paragraph 98 contain legal conclusions to which no response is required. To the extent that any response is required Cabrini denies the allegations of Paragraph 98 of the Complaint.

99. Cabrini denies the allegations of Paragraph 99 of the Complaint.

100. Cabrini denies the allegations of Paragraph 100 of the Complaint.

## FIRST CAUSE OF ACTION
### (CLAIM FOR $2,956,176 OF ERISA BENEFIT PLAN FUNDS HELD BY CABRINI BUT NOT PROPERTY OF THE DEBTOR'S ESTATE)

101. Cabrini repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 through 100 of the Complaint as if fully set forth herein.

102. Cabrini denies the allegations of Paragraph 102 of the Complaint.

103. Cabrini denies the allegations of Paragraph 103 of the Complaint.

104. Cabrini denies the allegations of Paragraph 104 of the Complaint.

105. Cabrini denies the allegations of Paragraph 105 of the Complaint.

## SECOND CAUSE OF ACTION
### (CLAIM FOR $2,956,176 HELD IN TRUST FOR PLAINTIFFS BY CABRINI)

106. Cabrini repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 through 105 of the Complaint as if fully set forth herein.

107. Cabrini denies the allegations of Paragraph 107 of the Complaint.

108. Cabrini denies the allegations of Paragraph 108 of the Complaint.

109. Cabrini denies the allegations of Paragraph 109 of the Complaint.

110. Cabrini denies the allegations of Paragraph 110 of the Complaint.

111. Cabrini denies the allegations of Paragraph 111 of the Complaint.

112. Cabrini denies the allegations of Paragraph 112 of the Complaint.

## THIRDCAUSE OF ACTION
### (CLAIM FOR $2,956,176 HELD IN TRUST FOR PLAINTIFFS BY CABRINI)

113. Cabrini repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114. Cabrini denies the allegations of Paragraph 114 of the Complaint.

115. Cabrini denies the allegations of Paragraph 115 of the Complaint.

116. Cabrini denies the allegations of Paragraph 116 of the Complaint.

117. Cabrini denies the allegations of Paragraph 117 of the Complaint.

118. Cabrini denies the allegations of Paragraph 118 of the Complaint.

## FOURTH CAUSE OF ACTION
### (CLAIM FOR $2,956,176 HELD IN TRUST FOR PLAINTIFFS BY CABRINI)

119. Cabrini repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120. Cabrini admits the allegations of Paragraph 120 of the Complaint.

121. Cabrini denies the allegations of Paragraph 121 of the Complaint.

122. Cabrini denies the allegations of Paragraph 122 of the Complaint.

123. Cabrini denies the allegations of Paragraph 123 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Mannucci Parties' claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part by the doctrine of laches.

### Fifth Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part by the doctrine of acquiescence.

### Sixth Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part to the extent that they seek relief not requested in their proofs of claim filed in this Bankruptcy Case.

### Seventh Affirmative Defense

The Mannucci Parties' claims are barred in whole or in part by the Confirmation Order entered in this Bankruptcy Case.

**WHEREFORE,** Cabrini respectfully requests entry of a Judgment in its favor, dismissing the Complaint, and granting such other relief as the Court deems to be necessary and proper.

Dated: New York, New York
August 23, 2011

CABRINI MEDICAL CENTER
Post-Confirmation Debtor
By its Attorneys:
TOGUT, SEGAL & SEGAL LLP
By:

/s/Frank A. Oswald
FRANK A. OSWALD
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000